UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

|  | |
|---|---|
| International Shoppes, LLC | Chapter 11<br>Case No.: 6:10-bk-18809<br>**EXPEDITED HEARING REQUESTED** |
| Debtor. | **ON OR BEFORE NOVEMBER 1, 2010** |

_____/

## DEBTOR'S EMERGENCY MOTION
## FOR AUTHORITY TO USE CASH COLLATERAL

Debtor, International Shoppes, LLC, requests authorization for use of cash collateral as follows:

1. <u>Certificate of Necessity for Emergency Preliminary Hearing</u>. If Debtor does not receive expedited relief, then Debtor will not have funds to operate or pay expenses. Specifically, Debtor's vendors have been at risk since the Petition Date and will continue to be so until a determination is made by the Court of the right to use Cash Collateral. If Debtor is unable to pay expenses on a current basis, then Debtor will be unable to continue operations, thereby resulting in immediate and irreparable harm to the value of Debtor's business. Debtor is attempting to obtain the consent of creditors with an interest in cash collateral; however, Debtor is uncertain if such consent can be obtained on an expedited basis. The request for this emergency hearing is not the result of the Debtor's or counsel's procrastination or lack of attention. Debtor requests an expedited hearing before November 1, 2010, because bills will come due on such date. Debtor estimates that a preliminary hearing of this motion will require approximately fifteen (15) minutes.

2. <u>Procedural Background</u>**.** On October 21, 2010 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code. Debtor continues to

operate its business as debtor-in-possession. Debtor seeks relief pursuant to 11 U. S. C. '363 and F. R. B. P. 4001(b). This court has jurisdiction pursuant to 28 U. S. C. '1334(b). This is a core proceeding.

3. <u>Description of Business</u>**.** Debtor owns and operates a shopping center located at 5600 International Drive, Orlando, FL 32819 (the "Shopping Center"). Revenue for calendar year 2009 was approximately $1,160,884.41. Debtor has no non-insider employees. Debtor estimates the value of the Shopping Center is $4,600,000.00. Monthly rent collections are approximately $80,000.00.

4. <u>Secured Creditor.</u> Telesis Community Credit Union ("Telesis") asserts a claim in the approximate amount of $11,000,000.00, secured by the Shopping Center and rents.

5. <u>Amounts/Types of Cash Collateral</u>. As of the Petition Date, cash collateral consists primarily of cash in bank, petty cash, and rent receivables.

6. <u>Preliminary Cash Request</u>. Debtor seeks immediate authority to use cash collateral to satisfy current expenses associated with operation of the Shopping Center. During the 14 days following the Petition Date, Debtor seeks to use cash collateral based on the budget attached hereto as Exhibit A.

7. <u>Monthly Cash Requirements.</u> For the period beyond the period covered by the preliminary cash request, Debtor seeks authority to use cash collateral to pay ordinary and necessary expenses associated with operation of the Shopping Center based on a budget to be determined.

8. <u>Reporting Requirements</u>. Within 20 days following the end of each calendar month, Debtor will prepare and serve on secured creditors**,** the US Trustee, and any committee of creditors appointed by the US Trustee: (i) monthly operating reports required by the US Trustee; and

(ii) comparison of actual to projected budget. Secured creditors and its agents, shall have the right to inspect the Shopping Center upon reasonable notice; provided that, such access does not interfere with the operation of the Shopping Center.

9.      Adequate Protection.  Debtor projects that the Shopping Center can be operated on a profitable basis such that in the ordinary course of business more cash collateral will be generated.   Use of the cash collateral provides the Debtor with a reasonable opportunity for reorganization under chapter 11 which will maximize the value of the Shopping Center. The interests of secured creditor will be adequately protected by: (i) the reporting requirements; (ii) lien on cash collateral after the Petition Date to the same extent and with the same validity and priority as the lien held by secured creditor prior to the Petition Date; (iii) increased value of the Shopping Center as a result of reorganization.

10.      Events of Default. If Debtor fails to comply with adequate protection requirements and does not cure such failure within 3 days following written notice from secured creditor, then Debtor shall be prohibited from further use of cash collateral pending further order of the court.

11.      Proposed Order. Attached as Exhibit B is a proposed preliminary order authorizing use of cash collateral.

THEREFORE, Debtor, International Shoppes, LLC, requests authority to use cash collateral upon the terms set forth in this motion.

/s/s David R. McFarlin
David R. McFarlin
Florida Bar No. 328855
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
dmcfarlin@whmh.com

Attorneys for Debtor